**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DONALD T. HEWIETT,

Plaintiff,

v.

Case No. 3:26-cv-26-WWB-SJH

NURSE JONES, et al.,

Defendants.

---

**ORDER**

Plaintiff Donald T. Hewiett, a Florida state prisoner, initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). Generally, Hewiett alleges that he was denied adequate medical care for a hernia when he was detained in the Suwannee County Jail.

The Prison Litigation Reform Act ("**PLRA**") requires the Court to dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). The PLRA's "failure to state a claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted a true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complain must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery

under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Id.*

## I. COMPLAINT

Hewitt alleges that on October 26, 2025, he was detained in the Suwanee County Jail, when he began experiencing severe pain because of an untreated hernia. (Doc. 1 at 5). Because he was unable to get out of bed, another inmate reported his condition to Defendant Nurse Jones. (*Id.*). A few hours later, inmates escorted Hewitt in a wheelchair to the medical unit. (*Id.*).

Upon examination in the medical unit, it was determined that Hewitt's condition had worsened since the last time he was seen in the medical unit. (*Id.*). Nurse Jones stated, "you're ok; you still have more room for intestines to drop." (*Id.*). Hewitt was given ibuprofen, anti-acid tablets, stool softeners, and an extra pair of underwear, and was sent back to his dorm. (*Id.*). Hewitt's intestines herniated into his testicular sack "to the size of approximately 2 softballs." (*Id.*).

Hewitt names as defendants Nurse Jones, Nurse Jennifer Poucher, Lieutenant Walker, Captain Carver, and the Suwanee County Jail Medical Staff, although he asserts facts only about Nurse Jones. (*Id.* at 2–3). He alleges Defendants were deliberately

indifferent to his serious medical needs. (*Id.* at 6). He seeks to recover $10,000.00 in compensatory damages and requests hernia repair surgery. (*Id.*).

## II. DISCUSSION

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts showing "(1) that he had an objectively serious medical need, (2) that [the defendant] acted with subjective deliberate indifference to [that] serious medical need, and (3) that he suffered an injury . . . caused by [the defendant's] wrongful conduct." *Patel v. Lanier Cnty.*, 969 F.3d 1173, 1188 (11th Cir. 2020). "A serious medical need is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Taylor v. Hughes*, 920 F.3d 729, 733 (11th Cir. 2019). To establish deliberate indifference, a plaintiff "must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024).

Here, Hewitt does not plead a "complete denial" of medical care. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). Rather, he alleges that he was evaluated at the medical unit by Defendant Nurse Jones and was provided ibuprofen, anti-acid tablets, and stool softeners to treat the pain caused by his hernia.

To the extent that Hewitt alleges that the medical care he received—a medical evaluation by Nurse Jones, ibuprofen, anti-acid tablets, and stool softeners—was inadequate, such claim must be dismissed. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th

Cir. 2020). A mere difference in a medical opinion between a medical provider and an inmate as to the inmate's diagnosis or course of treatment does not establish deliberate indifference. *Id*. at 1505. Whether medical providers should have employed "additional diagnostic techniques or forms of treatment" is a "classic example of a matter for medical judgment," and therefore is not an appropriate basis for liability under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Hewiett fails to allege facts that show deliberate indifference to his serious medical need because he was evaluated by Nurse Jones and provided medications to treat the pain caused by his hernia. Hewiett may believe that he should have received additional or different medical treatment, but his mere disagreement with the medical care he did receive does not permit the reasonable inference that his treatment amounted to deliberate indifference. *See Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (holding that when an inmate receives medical treatment but desires a different mode of treatment, the care provided does not amount to deliberate indifference).

## III. LEAVE TO AMEND

Hewiett's Complaint is subject to dismissal without prejudice because he fails to state a claim for deliberate indifference to his serious medical needs. However, in light of Hewiett's pro se status, the Court affords him an opportunity to amend. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.").

If Hewiett can state a claim for deliberate indifference that meets the pleading standards described above and name a proper defendant, he may file an amended

complaint. Hewiett's amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that a pro se party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Rule 8 provides that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Additionally, a § 1983 plaintiff must allege with specificity the facts that make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("The contours of an asserted constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." (quotations omitted)). Hewiett must separate each cause of action against each defendant into a different count. Pursuant to Federal Rule of Civil Procedure 10(b), the amended complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id.* Hewiett must clearly specify which defendant is responsible for each act or omission that forms the basis of his claims. *See Weiland v. Palm Beach Cnty.*, 792 F.3d 1313, 1320 (11th Cir. 2015); *see Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (affirming dismissal of pro se § 1983 complaint because the plaintiff "failed to name individual defendants and failed to articulate specific claims against those defendants").

Finally, Hewiett must file the amended complaint on the standard form. M.D. Fla. R. 6.04(a)(3).

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.
2. To the extent that Hewiett can state a claim for deliberate indifference and name a proper defendant, he may file an amended complaint consistent with this order no later than **December 9, 2026**. The amended complaint will supersede the initial Complaint. Therefore, the amended complaint must contain all claims for relief. It must not refer to or incorporate the initial Complaint.
3. Failure to timely file an amended complaint will result in this Order becoming a final judgment dismissing the Complaint. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994))).
4. On or before **December 9, 2026**, Hewiett must also move to proceed *in forma pauperis*. Alternatively, he may pay the $402.00 filing fee (if he does

not desire to proceed as a pauper). Failure to comply within the allotted time will result in the dismissal of this case without further notice.

5. Hewiett's untitled paper (Doc. 15), which requests a ruling on this case and the appointment of counsel, is **DENIED as moot** as to his request for a ruling on the case and **DENIED without prejudice** as to his request for appointment of counsel. Hewiett has no constitutional right to counsel, and no exceptional circumstances warrant appointment of counsel. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

**DONE AND ORDERED** at Jacksonville, Florida, on November 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

TpaP-5
C: Donald T. Hewiett., #E01254